FILED
SUPERIOR COURT
OF GUAM

2025 MAY 27 PM 3: 15

CLERK OF COURT

BY:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| OXFORD PROPERTIES AND FINANCE LTD. and OXFORD (GUAM) INC., <br><br> Plaintiff, <br><br> vs. <br><br> CHRISTINE A. LEE and HELLO GLOBAL (GUAM) INC., <br><br> Defendants. | Civil Case No. CV1049-16 <br><br> **DECISION AND ORDER REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DEFENDANT'S MOTION TO 1) VACATE ENTRY OF DEFAULT, 2) PERMIT FILING OF ANSWER AND COUNTERCLAIM, AND 3) FOR ISSUANCE OF SANCTIONS AGAINST PLAINTIFFS** |

### INTRODUCTION

This matter came before the Honorable John C. Terlaje on April 23, 2025, for a Motion Hearing regarding Plaintiff's Motion for Default Judgment and Defendant's Motion to 1) Vacate Entry of Default, 2) Permit Filing of Answer and Counterclaim, and 3) For Issuance of Sanctions Against Plaintiffs. Attorney Anita Arriola ("Arriola") appeared on behalf of Plaintiffs. Attorney Joshua Walsh ("Walsh") appeared on behalf of Defendants. After reviewing the record, relevant law, and arguments from the parties, the Court finds that the Entry of Default was proper based on Defendants' failure to respond to the First Amended Complaint. The Plaintiff's Motion for Default Judgment is therefore **GRANTED**. The Defendant's Motion to 1) Vacate Entry of Default, 2) Permit Filing of Answer and Counterclaim, and 3) For Issuance of Sanctions Against Plaintiffs is therefore **DENIED**.

## STIPULATED FACTS

1. The Plaintiffs initiated this litigation on November 28, 2016. *See*, Docket Sheet, Walsh Decl. Exhibit A.

2. On February 13, 2018, Plaintiffs filed their Motion for Leave to File First Amended Complaint. On March 12, 2018, Defendants filed their Opposition to Plaintiffs' Motion for Leave to File First Amended Complaint.

3. The Court requested Supplemental filings, and Defendants filed their Reply to Plaintiffs' Supplemental Memorandum of Points and Authorities in Support of Leave to File First Amended Complaint on April 13, 2018.

4. The Court granted Plaintiffs' leave to file the First Amended Complaint in a Decision and Order issued on July 10, 2018.

5. On July 11, 2018, Plaintiffs filed their First Amended Complaint ("FAC") in this matter. See Amended Application and Affidavit for Entry of Default filed on January 10, 2025 ("Amended Application").

6. The original Defendants CHRISTINE A. LEE aka ANNA LEE and HELLO LEE GLOBAL (GUAM) INC. ("Original Defendants") were served with Plaintiffs' FAC on July 11, 2018 by hand delivery on their Attorney James Maher. See *id.*; *see also* Amended Affidavit of Service filed on January 10, 2025.

7. Original Defendants failed to file an Answer to the FAC within ten (10) days of service of the FAC. *See* Amended Application.

8. On October 3, 2023, a Stipulation and Order was filed in this action, and the Court ordered the substitution of Christine A. Lee aka Anna Lee by Joseph Razzano,

Administrator of the Estate of Christine A. Lee aka Anna Lee (hereafter "the Administrator").

9. The Administrator and Hello Lee Global (Guam) Inc. also failed to file or serve an Answer to the FAC.

10. No Answer to the FAC having been filed or served upon Plaintiffs either by the Original Defendants or the substituted Defendant and Hello Lee Global (Guam) Inc., an Entry of Default was entered by the Clerk of the Court against Defendants on January 14, 2025.

11. On February 18, 2025, Plaintiffs filed their Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Entry of Default Judgment.

12. On February 19, 2025, Defendants filed Defendant's Motion to 1) Vacate Entry of Default, 2) Permit Filing of Answer and Counterclaim, and 3) For Issuance of Sanctions Against Plaintiffs.

13. Parties also filed an Opposition and Reply for each Motion, respectively.

## DISCUSSION

"Default and default judgment are distinct and must be treated separately." *Adams v. Duenas*, 1998 Guam 15 ¶ 2. Under Guam law, GRCP Rule 55 requires "a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011).

The Court must enter default when "a party against whom a judgment for affirmative relief is sought has *failed to plead or otherwise defend* as provided by these rules, and that failure is

shown by an affidavit or otherwise." GRCP Rule 55(a). To plead or defend, "[a] defendant shall serve an answer within 20 days after the service of the summons and complaint upon that defendant." GRCP Rule 12(a). In the case of an amended pleading, "[a] party shall plead in response…within the time remaining for response to the original pleading or within *10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.*" GRCP Rule 15(a) (emphasis added). If the Clerk of Court has entered an Entry of Default but the Court has not yet issued a default judgment, GRCP Rule 55(c) allows the Court to set aside the entry of default for "good cause".

On January 13, 2025, the Clerk of Court entered default against Defendant, finding that Defendant failed to plea or otherwise respond to Plaintiff's First Amended Complaint. Entry of Default (Jan. 13, 2025).

**A. Defendant's Motion to Vacate Entry of Default and Permit Filing of Answer and Counterclaim to First Amended Complaint is Denied**

Under Rule 55(c), "[f]or good cause shown" the court may set aside an entry of default. The Supreme Court of Guam has held that "due to the parallels between entries of default and default judgments" the Court will consider the same factors in determining whether to set aside an entry of default or default judgment. *Adams v. Duenas*, 1998 Guam 15 ¶ 15. In determining whether to vacate an entry of default, the Court must consider whether "(1) the defendant's culpable conduct led to the default, (2) the defendant has no meritorious defense, or (3) the plaintiff would be prejudiced if the judgment is set aside." *Midsea Industrial, Inc. v HK Engineering, Ltd.*, 1998 Guam 14 ¶ 15. In *Mariano v. Surla*, the Guam Supreme Court determined that the defendant "failed to show extraordinary circumstances which suggest he was faultless in his failure to file

an answer, therefore, he cannot seek relief from the default judgment which established his liability under 60(b)(6)." 2010 Guam 2 ¶ 38. In *Melwani v. Arnold*, the Guam Supreme Court specifically found that a defendant's conduct was culpable "if he has received actual or constructive notice of the filing of the action and failed to answer." 2010 Guam 7 ¶ 31 (citing *Price v. Seydel*, 961 F.2d 1470, 1473 (9th Cir. 1992)).

In this case, Plaintiff has provided evidence and Defendant has not disputed that original Defendants Christine A. Lee aka Anna Lee and Hello Lee Global (Guam) Inc. were served with Plaintiff's First Amended Complaint on July 11, 2018. Therefore, Defendants had actual knowledge that the First Amended Complaint had been filed. Furthermore, on March 12, 2018, Defendants filed their Opposition to Plaintiffs' Motion for Leave to File First Amended Complaint, and on April 13, 2018 filed their Reply to Plaintiffs' Supplemental Memorandum of Points and Authorities in Support of Leave to File First Amended Complaint. Defendants were actively participating in motion practice surrounding the First Amended Complaint, which the Court granted Plaintiffs' leave to file in a Decision and Order issued on July 10, 2018. Even if Defendants had never been properly served the First Amended Complaint, they still would have had constructive notice of its existence as a result of their motion practice and the Court's order regarding the First Amended Complaint. Therefore, because original Defendants had both actual and constructive notice of the filing of the First Amended Complaint and still failed to answer, Defendants' culpable conduct led to the default.

While the Court recognizes that current Defense counsel was not representing these parties at the time of the failure to file the Answer to the First Amended Complaint, current counsel has been an active participant in this case since at least October 3, 2023. Counsel has had over

eighteen months to become informed on the circumstances of this case. It is this Court's opinion that reviewing the original Complaint, Answer, and First Amended Complaint filed in this case should have been counsel's first course of action in catching up on the history of this case, and counsel should certainly have realized before now that an Answer to the First Amended Complaint was never filed.

Under Guam caselaw, "once a court determines that a party's culpable conduct led to the default, the ruling may be upheld without inquiring into" other factors such as meritorious defenses or possible prejudices to the plaintiff. *Duenas v. Brady*, 2008 Guam 27 ¶ 17. Therefore, because Defendants' culpable conduct led to the entry of default, the Motion to Vacate Entry of Default and Permit Filing of Answer and Counterclaim to First Amended Complaint is denied.

**B. The Motion for Sanctions is Denied**

The Court does not agree that Plaintiffs' counsel misrepresented material facts in the application provided to the Superior Court to obtain the default entry. Therefore, the Motion for Sanctions is denied.

**C. The Court Is Prepared to Enter a Default Judgment**

"...[E]ntry of a default judgment...converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011) (Federal Rule 54 referred to in the district case is codified in Guam as "GRCP Rule 54"). After default is entered, a party must request for the Court to enter default judgment if the amount owed is not for a "sum certain." GRCP Rule

55(b)(2). Plaintiff filed its Motion for Entry of Default Judgment on February 18, 2025. The facts are clear that Defendants failed to Answer the First Amended Complaint within the 10 days required by the law. Thus, the Court is prepared to enter a Default Judgment against Defendants.

## D. Although Defendant Admitted Liability by Failing to Respond, Plaintiff Must Still Prove Damages to Recover

The Supreme Court of Guam had held that "as a general rule, when a party fails to file an answer and a default judgment is entered, only the factual allegations of the complaint as to liability are deemed admitted and not the allegations relating to damages." *Mariano v. Surla*, 2010 Guam 2 ¶ 39. A plaintiff is still required, "to prove all damages sought in a complaint." *Id.* Guam Rule of Civil Procedure 8(d) also supports this: "[a]verments in a pleading to which a responsive pleading is required, *other than those as to the amount of damage*, are admitted when not denied in the responsive pleading." GRCP Rule 8(d) (emphasis added). Thus, by failing to respond upon default, Defendant has admitted their liability in this matter, but the Plaintiff must still prove damages, if they wish to recover monetarily.

Plaintiffs have requested damages including: actual damages, punitive damages, interest on those damages, and attorneys' costs and fees. Although Plaintiff has argued that all the evidence necessary to determine damages has been provided, the Court finds that the evidence is insufficient. Therefore, the Court will hold a hearing to determine exact damages. In advance of this hearing, Counsel for Plaintiff shall produce a breakdown summary of all monies sought. In the interest of fairness and as a result of the significant delay in Plaintiff filing for an Entry of Default, the Court will grant *only* post-Judgment interest on damages.

## CONCLUSION

The Court is prepared to enter a default judgment, but in order to carry the judgement into effect, "it is necessary to take an account or to determine the amount of damages." GRCP Rule 55(b)(2). The Court will hold a hearing to determine exact damages.

A status hearing for will be on _June 10, 2025_ at _9:00_ a.m., 2025. (via zoom).

**SO ORDERED**, this _May 25, 2025_ .

_____
**HONORABLE JOHN C. TERLAJE**
**Judge, Superior Court of Guam**